## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IMANI MUHINDI, *Plaintiff*, v. YOLANDA SANCHEZ, and NEWARK HOUSING AUTHORITY, *Defendants*. | Civil Action No. 18-10980 (JMV) (JBC) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

Under 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff demonstrates his inability to pay the costs of his suit, D.E. 1-2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the Complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Before deciding if a plaintiff states a claim upon which relief can be granted, the Court "is bound to consider its own jurisdiction preliminary to consideration of the merits." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981); *see also* Fed. Civ. P. 12(h)(3). Here, Plaintiff alleges federal jurisdiction because the United States Government is a Plaintiff. D.E. 1 at 2. Plaintiff's basis for jurisdiction is incorrect because this action involves a claim by a private citizen against another private citizen and the local housing authority. However, because Plaintiff is a *pro se* litigant, the Court construes his Complaint liberally and decides that it implicates a federal question as the Complaint also attempts to cite 42 U.S.C. §§ 1983, 3601, and 3631 as bases for his suit. D.E. 1-5; *see Haines v. Kerner*, 404 U.S.

519, 520 (1972). Thus, the Court will assume Plaintiff intends the basis for jurisdiction to be federal question.

A case implicates a federal question if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Plaintiff potentially alleges federal claims on the face of his Complaint. Therefore, the Court has jurisdiction over this matter.

Here, Plaintiff arguably alleges a violation of 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under § 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States and, second, a plaintiff must contend that the violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff also apparently alleges a violation of 42 U.S.C. § 3601, a subdivision of the Federal Fair Housing Act ("FHA"). This section provides, "It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." The FHA was enacted to eradicate discrimination in housing. *Texas Dept. of Housing and Community*

*Affairs v. Inclusive Communities Project, Inc.*, 135 S.Ct. 2507, 2521 (2015). The FHA defines

discrimination as "a refusal to make reasonable accommodations in rules, policies, practices, or

services, when such accommodations may be necessary to afford such person equal opportunity

to use and enjoy a dwelling" because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. §3604. A plaintiff can establish a violation of the FHA by showing that defendant's

actions were either (1) motivated by intentional discrimination; or (2) resulted in a discriminatory

effect. *Hibbert v. Bellmawr Park Mut. Housing Corp.*, No. 10–5386, 2014 WL 2920704, at *8

(D.N.J. June 27, 2014).

      Plaintiff also arguably alleges a violation of 42 U.S.C. § 3631, which provides:

> Whoever…by force or threat of force willfully injures, intimidates
> or interferes with…any person because of his race, color, religion,
> sex, handicap…familial status…or national origin and because he is
> or has been…renting… shall be fined under Title 18 or imprisoned
> not more than one year[.]

      Although the Court construes Plaintiff's Complaint liberally, the Court cannot determine

any viable causes of action. With respect to Plaintiff's § 1983 claim, Plaintiff does not allege that

any specific federal right was violated, but merely alleges a deprivation of rights. D.E. 1-5, at VI.

Even construing the pleadings liberally and assuming that Plaintiff intends to assert that he was

evicted (or at least asked to vacate his premises because it is not clear whether he is still residing

in his apartment) without due process, the multiple notices to cease from Defendants, notice of

eviction, and grievance hearing documentation does not allow the Court to draw a reasonable

inference that this right was violated. D.E. 1-1 at 8-11. If Plaintiff wishes to assert a claim under

§ 1983, he must first allege that Defendants violated a right secured by the Constitution, and second

that Defendants were acting under color of state law when they did so. *See West*, 487 U.S. at 48.

Accordingly, the Court dismisses Plaintiff's § 1983 claim.

With respect to Plaintiff's § 3601 claim, Plaintiff does not adequately allege that his eviction was a result of intentional discrimination on the part of Defendants. While he alleges that Defendants refused to make the accommodations he requested, D.E. 1 at 3, Plaintiff's Complaint does not allow the Court to infer that the refusal was due to improper discrimination. Plaintiff does allege that Defendants may have been discriminating against him based on his former employment with Defendant Newark Housing Authority ("NHA"). *Id.* at 4. However, former employment is not a recognized basis for a discrimination claim. *See* 42 U.S.C. § 3604. If Plaintiff wishes to bring a claim under § 3601, he must allege facts which plausibly suggest that Defendants refused to accommodate him because of his race, color, religion, sex, familial status, or national origin. Accordingly, Plaintiff's § 3601 claim is dismissed.

Similarly, Plaintiff's § 3631 is dismissed because former employment is not a recognized basis for a discrimination allegation. This section also requires a showing of willfulness and use of force or threat of force. Plaintiff's Complaint does not allege that any force or threat of forced was used in his eviction. *See* D.E. 1. As discussed above, he also does not allege sufficient allegations to allow the Court to infer that there was any discrimination or that it was willful. Accordingly, Plaintiff's § 3631 claim is dismissed.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The District Court may deny leave to amend only if: (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). While the Court has concerns

about the futility of an amendment, the Court will provide Plaintiff another opportunity to replead his action. Plaintiff has thirty (30) days to file an Amended Complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an Amended Complaint curing the deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in his Complaint.

Because Plaintiff is representing himself, the Court also makes the following observation. The Court recognizes that Plaintiff may actually be attempting to assert state causes of action against Defendants because many of Plaintiff's allegations sound in landlord-tenant type disagreements. If this is Plaintiff's intent, then he should seek to dismiss the current federal action and refile his complaint in the Superior Court of New Jersey, while appropriately indicating his state claims.

Accordingly, and for good cause shown,

**IT IS** on this 29th day of June, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an Amended Complaint within thirty (30) days from entry of this Order if he so chooses. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice[1]; and it is further

---

[1] If Plaintiff decides to dismiss the current federal action and refile in state court, he should advise the Court in writing within the thirty (30) day period.

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by certified mail return receipt requested.

John Michael Vazquez, U.S.D.J.